DAVID WALLACE v. THE DETROIT CITY RAILWAY CO.

*Street railways—Cleaning snow from track.*

1. Where in an action for negligent injury both sides have without objection introduced such testimony as fully explains all facts bearing on the manner and cause of the injury, an amendment of the declaration should be allowed as a matter of course, if objected to for variance, so long as it is plain that no one could have been surprised by the testimony.

2. A declaration in an action against a street railway company for an injury resulting from its neglect to properly clean the snow from its tracks, in consequence of which a horse harnessed to a double bobsled was thrown down, described the ridges of snow as "along and very near to said street railway track, and between the double tracks thereof," and stated that as the sleigh struck the ridge between the tracks the horse stepped on the steep and slippery bank piled " along and near said " track. *Held*, that this distinguished between the two places; and as a like distinction was kept up in farther recitals, there was no variance arising out of the question whether it was one ridge or the other that caused the injury.

3. Any disposition of the snow cleared from a street railway track must be made with due regard to the rights of travel on the highway; and it cannot be charged as matter of law that the fact that the general level of the road was left above the level of the railway track would not make the disposition of the snow unlawful.

Error to the Superior Court of Detroit. (Chipman, J.) October 8.—October 14.

CASE. Defendant brings error. Affirmed.

*Brennan & Donnelly* for appellant.

*James H. Brewster* for appellee.

CAMPBELL, J. In this case plaintiff recovered against defendant for injuries alleged to have resulted from negligence in not properly removing snow in the street, whereby plaintiff's horse was thrown down, and damage occurred to him. The principal questions not supposed to be covered

by the decision in *Bowen v. Detroit City Ry. Co.* 54 Mich. 496, relate to the form of the declaration, and to refusal to charge as requested.

The testimony tended to show that the fall of plaintiff's horse, which was attached to a sleigh running on two sets of bobs, was caused by a sudden jolting upon a ridge between the rails and the existence of a slippery bank on which he was moving outside of the rails, so that it might have been open to some question whether the ridge between the rails was the only cause of his being thrown down.

Upon the trial the testimony proceeded on both sides without objection so as to fully explain all the facts bearing upon the manner and cause of the injury. Had objection been made for variance, it is clear that no one could have been taken by surprise by the testimony, and an amendment would have been allowed as a matter of course. But we do not think the declaration is open to the criticism made. It very plainly describes the snow banks as "along and very near to said street railway track, and between the double tracks thereof," and it also states that as the sleigh struck the ridge between the tracks, the horse slipped on the steep and slippery bank, piled, etc., "along and near said street railway track," etc. This distinguishes between the two places,—one where the sleigh struck, and the other which the horse had reached and on which he slipped and fell, and a similar distinction is kept up in the further recitals. We think there was no variance.

The other main objection is that the court did not give the following charge when requested:

"If the defendant, in cleaning from its tracks the snow, threw it to the sides with scrapers, and, after putting it there, promptly leveled the same off, then the fact that such a disposition of the snow raised the general level of the carriage or sleigh track above the level of the street railway would not make the act of the company in so disposing of the snow unlawful, improper or unreasonable."

We do not think the court could have so charged as a question of law. It is quite possible for such a disposition

of the snow, outside of the depression in which the track would thus be placed, to make it absolutely unsafe to cross the track or to travel in security beside it. As it was decided in *Bowen's Case*, we think that any disposition made of the snow must be made with due reference to the rights of travel upon the highway, and that the request which the court refused left this qualification out of view.

Upon the remainder of the case we have been unable to discover that the rulings upon the trial were not in full accordance with our former decision, or that there was any failure to do what was proper in dealing with the law and facts, or in any of the holdings. We do not think it necessary to rediscuss these questions.

The judgment must be affirmed with costs.

The other Justices concurred.