WALTER J. HOWARD *vs.* UNION RAILROAD COMPANY.

PROVIDENCE—FEBRUARY 18, 1904.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Common Carriers. Negligence. Nuisance.*

Where an obstruction was viciously placed upon the tracks of an electric railway, for the purpose of interfering with the passing of the cars, the company may rightfully remove the same from the tracks, and is not obliged either to remove the obstruction out of the highway or to give warning of its presence in the highway, and owes no duty to one who, subsequently using the highway, without knowledge of the obstruction, is injured thereby. The company does not create the nuisance in question, but simply removes it, which it has the right to do.

TRESPASS ON THE CASE for negligence. Heard on petition of plaintiff for new trial, and denied.

TILLINGHAST, J. This is trespass on the case for negligence.

The plaintiff alleges that the defendant, by its agents and servants, who were operating one of its electric cars on Academy avenue, a public highway in the city of Providence, removed a mortar-bed, which obstructed its track upon which said car was passing, from the track to the easterly half of the roadway of said avenue at a point near Hendrick street, and that it was the duty of the defendant, upon removing said obstruction, to place the same where it would not interfere with and cause damage to travelers lawfully upon said Academy avenue.

The plaintiff then alleges that, while lawfully riding on said avenue upon a bicycle, subsequently to said removal, and while in the exercise of due care, he ran into said mortar-bed, which had been negligently placed on the roadway by the defendant in manner aforesaid, and was thrown violently to the ground and injured.

In his second count the plaintiff alleges that it became and was the duty of the defendant, after removing said obstruction from its track to the easterly side of the street, to place a light

or some other signal on or near to said mortar-bed, so that persons traveling on said highway in the night-time might be warned of the presence of said obstruction.

At the trial of the case in the Common Pleas Division a verdict was rendered for the defendant by direction of the court, and the case is now before us on the plaintiff's petition for a new trial on the ground that the court erred in directing said verdict.

The material facts of the case, as they appeared in evidence, were these: Shortly before the happening of the accident in question, which occurred at about ten o'clock in the evening of the sixteenth day of June, 1902, some vicious boys or young men had carried the mortar-bed above referred to from a new building near by, and had placed it upon the track of the defendant company, which, at that point, runs along the west side of the street. They then put out the electric light which was near by, so that the place was left in darkness.

Soon afterwards a car of the defendant company came along, and, being unable to get by without removing the obstruction, the conductor and motorman of the car pulled the mortar-bed off the track and left it in the highway, about twenty inches away from the nearest rail, the car then proceeding on its way.

Shortly afterwards the plaintiff, who was riding to his home on his bicycle, not being able to see the obstruction on account of the darkness, ran into the same and was thrown from his wheel and injured.

A little later a policeman came along, and, finding the mortar-bed near the middle of the street, moved it over to the edge of the sidewalk and leaned it over the curbing. He then telephoned for assistance, and two men came and took the mortar-bed away from the street and put it upon a vacant lot near by.

(1)     In view of these facts, the only question which arises is whether the defendant corporation can be held for the injury which the plaintiff sustained.

The answer to this question depends upon whether the defendant owed any duty to the plaintiff in the premises; that

is, whether it owed the plaintiff the duty of either removing said obstruction out of the highway, so that it would have been impossible for the accident in question to have happened, or of giving him some warning of its presence in the highway by means of a light, or otherwise.

The plaintiff contends that such duty was owing to him from the defendant, and that the case, for all practical purposes, stands the same as it would if the defendant had originally placed said obstruction in the highway.

We think this condition is untenable. In removing the obstruction from the car track the defendant was doing what it clearly had the right to do in the management of its business and in the discharge of its duties to the public under its charter and the laws of the State. It was conveying passengers from one point to another for hire, and it could not legally be called upon to even temporarily suspend its business for the purpose of clearing a highway of obstructions so that travelers thereon might not be inconvenienced or injured. Having found an obstruction upon its track, it had the right to remove it therefrom; and the mere fact that it did no more than remove it from its track did not have the effect to render the defendant liable because someone else was subsequently injured by reason of the presence of the obstruction in the street.

All that the defendant did was to remove said obstruction from one part of the highway to another part thereof. It was in no way responsible for the presence of the obstruction in the highway, and its removal from the track, so far as appears, did not add to the danger incident to its presence in the street. But, even if it did, we fail to see that any liability attached to the defendant in the premises.

Meeting with an obstruction in the highway, the defendant had the same right that any ordinary traveler would have in similar circumstances. And who can doubt that such a person has the right, upon meeting with an obstruction in the highway which prevents his lawful progress thereon, to move it aside so as to enable him to proceed? Such a state of things very frequently happens. A stone rolls down from an em-

bankment and obstructs the traveled part of the road, and a traveler who is passing along at that point finds it necessary, in order to proceed with his team, to roll the stone a little to one side of the way. He does so, and then goes on about his business. Can it be said, with reason, that he owes any legal duty, regarding said obstruction, to another traveler who may follow him on that road at some later period?

Take this illustration: A box or package of merchandise accidentally falls from an express wagon upon. one of the rails of the street railway company in the night-time, and, being unnoticed by the driver of the team, he passes on and leaves it there. Soon afterwards a car comes along, and the motorman, seeing the object on the track, and seeing that it is of such a size and in such a position that it can be readily pushed from the rail by pressing the fender of the car gently against it, does so, and the obstruction is so far removed as not to interfere with his progress, and he goes on. Shortly afterwards a carriage comes along, and, it being dark, the driver fails to see the obstruction, and his horse takes fright therefrom and runs away, whereby the driver is thrown from his carriage and injured. Would the street railway company be liable for his injuries? We think not; for the company would owe the driver no legal duty in the premises.

Take another illustration: Some person leaves his carriage in the highway in such a manner as to prevent a person in another carriage from passing without the removal of said first mentioned carriage. Is it not clearly the right of the traveler whose progress is thus interfered with to remove the carriage sufficiently to enable him to pass by? And if another traveler is subsequently injured by coming in contact with the carriage thus removed, is the person removing it to be held liable on account of such injury, simply because he changed the location of the obstruction from one part of the street to another? If so, it is evidently a new discovery in the already overworked law of negligence, for neither the diligence of counsel nor the efforts of the court have succeeded in finding any case in support of such a proposition.

Counsel for plaintiff contends, however, that while no case

has been found which is directly in point, yet those cases which hold that street railway companies are liable for injuries to travelers caused by removing snow from their tracks and piling it up on other parts of the streets so as to render the same unsafe for travelers are closely analogous to the case at bar, and that the principle of those cases should be held to be controlling in this. In support of this contention counsel cites the following named cases: *Bowen* v. *Detroit City Ry. Co.*, 54 Mich. 496; *Smith* v. *Nashua St. Ry. Co.*, 69 N. H. 504; *Lee* v. *Union R. R. Co.*, 12 R. I. 383; *Wallace* v. *Detroit City Ry. Co.*, 58 Mich. 231.

While recognizing the correctness of the decisions in these cases, we fail to see their applicability to the case at bar. The difference between those cases and the present one is a vital one. The obstruction to the track caused by the presence of snow thereon is not a nuisance. It is not placed there by human hands, but is the act of God. Being an obstruction to travel, however, the railway company has the right to remove it, and, indeed, is under obligation to remove it as soon as may be, so that the rights of the traveling public may not be interfered with. And just here arises its duty to the public who have occasion to use the highway, viz.—that in removing the snow the company shall not *create* a nuisance on the highway. As said by the court in *Bowen* v. *Detroit City Railway, supra*, 54 Mich. p. 500:

"It is the duty of the company in removing the snow from its tracks to adopt such a mode as will not create obstructions in the streets, to the detriment or danger of the public in the ordinary use thereof. If it can deposit the snow in the streets upon the sides of its tracks in such manner as not to interfere with the use of the street as a public highway, there appears to be no good reason why it may not adopt that mode of disposition; but in doing so it cannot be permitted to leave it in ridges or piles which would obstruct the streets, and make them unsafe or dangerous for vehicles to pass along or cross them. Its rights in this respect are subject and not paramount to the rights of the public to use the streets for the

ordinary purpose of passage, and all acts which create obstructions to the use of the street by the public are unlawful."

The cases above cited are simply to the effect that a street railway company is liable for a nuisance which it *creates*. In the case at bar it did not create the nuisance in question, but simply removed the nuisance, which it had the right to do. Thus, in *State* v. *White*, 18 R. I. p. 477, this court said: "If one places an obstruction in a public street, an individual who is incommoded by it may remove it." See also *Bowden* v. *Lewis*, 13 R. I. p. 191; *Earp* v. *Lee*, 71 Ill. p. 195; Ell. Roads and Streets 2d ed. § 660.

For the reasons above given, we are of the opinion that the plaintiff did not show a case which entitled him to recover in any event; and, hence, that the presiding justice rightly directed a verdict for the defendant.

The plaintiff's petition for a new trial is denied, and the case remanded to the Common Pleas Division for judgment on the verdict.

*Comstock & Gardner*, for plaintiff.

*Hayes, Easton & Hoffman*, for defendant.